FILED
JUL 5 - 2022
9:00am
LESLIE MASON
CIRCUIT CLERK

IN THE CIRCUIT COURT OF MISSISSIPI COUNTY, ARKANSAS
CIVIL DIVISION

**PHILIP HOWARD** **PLAINTIFF**

**VS.** **CV** 47OCV-22-60(SE)

**BOBBY LEE WALLACE, III;**
**GREASE MONKEYS HYDRAULIC REPAIR SERVICE LLC;**
**CAROLYN SHOEMAKER; and**
**MARVIN KELLER TRUCKING, INC.** **DEFENDANTS**

**COMPLAINT**

COMES NOW the Plaintiff, Phillip Howard, by and through his attorney, Jose Ruiz, with the Law Offices of Alan LeVar and for his cause of action against the Defendants, alleges and states:

**PARTIES AND JURISDICTION**

1. At all times relevant to this cause of action, Plaintiff, Philip Howard (hereinafter referred to as "Plaintiff"), resided in Gary, Indiana.

2. At all times relevant to this action, Defendant, Bobby Lee Wallace, III (hereinafter referred to as "Wallace"), resided in Garland, Texas.

3. At all times relevant to this action, Defendant, Grease Monkeys Hydraulic Repair Service LLC (here in after referred to as "Grease Monkeys"), was a for profit limited liability company registered to and doing business in the State of Texas. Its registered agent for service is Brandon Burdine, 916 E Kirnwood Drive, Dallas, TX 75232

4. At all times relevant to this action, Defendant, Carolyn Shoemaker (hereinafter



EXHIBIT
E

referred to as "Shoemaker"), resided in Mendehall, Mississippi.

5. At all times relevant to this action, Defendant, Marvin Keller Trucking, Inc. (hereinafter referred to as "Keller Trucking"), was a for profit corporation registered to and doing business in the State of Illinois. Its registered agent for service is Joseph E Keller - 1500 West Pointe Way, Sullivan, IL 61951

6. The occurrence which gives rise to this cause of action took place in Mississippi County, Arkansas.

7. Venue is proper in this Court based on the location of the incident giving rise to this claim and/or the parties hereto.

**FACTS**

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. On or about the 11th day of February, 2021, Plaintiff was traveling northbound on S Interstate 55 in Mississippi County, Arkansas.

10. On or about the same time, Wallace was operating the Grease Monkey's vehicle and was also traveling northbound on S Interstate 55 in Mississippi County, Arkansas, directly in front of Plaintiff's vehicle.

11. At all times relevant to this Complaint, the roads were slick as a result of snow.

12. As Wallace was driving on Interstate 55 at a high rate of speed for the conditions of the road, Wallace lost control of his vehicle, causing a collision with Plaintiff's vehicle.

13. Following the collision between Plaintiff and Wallace, Plaintiff's vehicle ended up on the right shoulder by the grass, which was several feet from the lane of traffic of Interstate 55.

14. Several minutes after the collision between Plaintiff and Wallace, Shoemaker was driving around the scene of the collision on Interstate 55.

15. As Shoemaker was driving on Interstate 55 at a high rate of speed for the conditions of the road, Shoemaker lost control of her vehicle and collided into Plaintiff's vehicle that was parked on the right shoulder by the grass, which was several feet from the lane of traffic of Interstate 55.

16. The collision between Plaintiff and Wallace resulted in serious personal injury to Plaintiff and damage to Plaintiff's property.

17. The collision between Plaintiff and Shoemaker resulted in serious personal injury to Plaintiff and damage to Plaintiff's property.

18. By reason of the negligence of the Defendants stated herein, Plaintiff had to be seen by medical physicians and other health service providers and has been required to incur expenses for medical care and treatment.

19. By reason of the negligence of the Defendants stated herein, Plaintiff suffered pain and suffering as a result of his injuries described herein.

20. As a direct and proximate result of his injuries, Plaintiff suffered damages as set forth herein.

**COUNT I- NEGLIGENCE**

21. Plaintiff incorporates paragraphs 1 through 20 herein by reference.

22. Plaintiff alleges negligence of Defendants, in the following respects:

(a) Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic;

(b) Driving in such a careless manner as to evidence of a failure to maintain proper control;

(c) Driving at a speed greater than a reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing;

(d) Operating a vehicle in such a manner which would cause a failure to maintain control;

(e) Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control;

(f) Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(g) Failing to keep his/her vehicle under control, in violation of the common law of Arkansas;

(h) Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(i) Failing to yield to oncoming traffic, in violation of the common law of Arkansas;

(j) Failing to make proper use of the instrumentalities in her control so as to avoid an accident when he/she saw, or in the exercise of ordinary care should have seen the Plaintiff's vehicle, in violation of the common law of Arkansas;

(k) Failing to bring his/her vehicle under control or to change or divert its course when he/she saw, or in the exercise of ordinary care should have seen that an accident was about to occur, in violation of the common law of Arkansas;

(l) Defendant failed to see Plaintiffs when he/she either knew, or should have known, to anticipate their presence on the roadway; and

(m) Otherwise failing to exercise ordinary care under the circumstances.

23. At all relevant times, Wallace, was acting within the course and scope of his employment with Grease Monkeys.

24. At all relevant times, Shoemaker, was acting within the course of her employment with Keller Trucking.

25. The negligence of Wallace is imputed to Grease Monkey's under the doctrine of respondeat superior.

26. The negligence of Shoemaker is imputed to Marvin Keller Trucking under the doctrine of respondeat superior.

27. Defendants' negligent actions and/or inactions were the direct and proximate

cause of Plaintiff's injuries, harm, and economic loss, which Plaintiff suffered and/or will continue to suffer as an individual.

**COUNT II-NEGLIGENT ENTRUSTMENT BY GREASE MONKEYS**

28. Plaintiff incorporates paragraphs 1 through 27 herein by reference.

29. The injuries, harm, and damages were incurred by Plaintiff as a result of the use of the vehicle by Wallace in a negligent and reckless manner, which because of inexperience, and prior actions, Grease Monkey knew, or had reason to know, was likely to be involved an unreasonable risk of harm to others while driving the Grease Monkeys vehicle.

30. Grease Monkeys, as the employer of Wallace, had the right to permit and the power to prohibit the use of the Grease Monkeys' vehicle by Wallace.

31. Grease Monkeys knew, or had reason to know, that Wallace, because of his inexperience, and/or prior actions, was likely to drive the Grease Monkeys' vehicle in a negligent and reckless manner.

32. As a direct result of Grease Monkeys negligently entrusting Wallace, who operated said vehicle in a negligent and reckless manner, the Plaintiff suffered injuries, damages, and harm previously enumerated in this Complaint.

**COUNT III- NEGLIGENT HIRING AND RETENTION BY GREASE MONKEYS**

33. Plaintiff incorporates paragraphs 1 through 32 herein by reference.

34. Grease Monkeys had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Grease Monkeys owed such duty to Plaintiff and such duty was breached.

35. Grease Monkeys knew, or should have known, that Wallace would be likely to operate a vehicle in a negligent and reckless manner.

36. Grease Monkeys knew, or should have known, that Wallace was not competent or

fit for the duties required of him as an employee.

37. Grease Monkeys breached its duty to use reasonable care to select and retain an employee that was competent and fit for the position.

38. As a result of Grease Monkeys' negligence in hiring and retaining Wallace, Plaintiff was injured as alleged.

**COUNT IV-NEGLIGENT SUPERVISION BY GREASE MONKEYS**

39. Plaintiff incorporates paragraphs 1 through 38 herein by reference.

40. The actions of Wallace that are imputed to Grease Monkeys show violations of the rules of the road and make Grease Monkeys liable for negligent supervision of Wallace.

41. Grease Monkeys knew, or should have known, that their failure to research and screen Wallace would result in injury to the public.

42. Grease Monkeys failed to perform their duty of diligence in the supervision of Wallace resulting in injury to Plaintiff.

**COUNT V-NEGLIGENT TRAINING BY GREASE MONKEYS**

43. Plaintiff incorporates paragraphs 1 through 42 herein by reference.

44. The actions of Wallace that are imputed to Grease Monkeys show violations of the rules of the road and make Grease Monkeys liable for negligent training of Wallace

45. Grease Monkeys knew, or should have known, that its failure to train and supervise Wallace would result in injury to the public.

46. Grease Monkeys failed to perform their duty of diligence in the training of Wallace resulting in injury to Plaintiff.

**COUNT VI-NEGLIGENT ENTRUSTMENT BY KELLER TRUCKING**

47. Plaintiff incorporates paragraphs 1 through 46 herein by reference.

48. The injuries, harm, and damages were incurred by Plaintiff as a result of the use

of the vehicle by Shoemaker in a negligent and reckless manner, which because of inexperience, and prior actions, Keller Trucking knew, or had reason to know, was likely to be involved an unreasonable risk of harm to others while driving the Keller Trucking vehicle.

49. Keller Trucking as the employer of Shoemaker, had the right to permit and the power to prohibit the use of the Keller Trucking vehicle by Shoemaker.

50. Keller Trucking knew, or had reason to know, that Shoemaker, because of her inexperience, and/or prior actions, was likely to drive the vehicle in a negligent and reckless manner.

51. As a direct result of Keller Trucking negligently entrusting Shoemaker, who operated said vehicle owned by Keller Trucking in a negligent and reckless manner, the Plaintiff suffered injuries, damages, and harm previously enumerated in this Complaint.

**COUNT VII- NEGLIGENT HIRING AND RETENTION BY KELLER TRUCKING**

52. Plaintiff incorporates paragraphs 1 through 51 herein by reference.

53. Keller Trucking had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Keller Trucking owed such duty to Plaintiff and such duty was breached.

54. Keller Trucking knew, or should have known, that Shoemaker would be likely to operate a tractor-trailer in a negligent and reckless manner.

55. Keller Trucking knew, or should have known, that Shoemaker was not competent or fit for the duties required of her as an employee.

56. Keller Trucking breached its duty to use reasonable care to select and retain an employee that was competent and fit for the position.

57. As a result of Keller Trucking's negligence in hiring and retaining Shoemaker, Plaintiff was injured as alleged.

**COUNT VIII-NEGLIGENT SUPERVISION BY KELLER TRUCKING**

58. Plaintiff incorporates paragraphs 1 through 57 herein by reference.

59. The actions of Shoemaker that are imputed to Keller Trucking show violations of the rules of the road and make Keller Trucking liable for negligent supervision of Shoemaker.

60. Keller Trucking knew, or should have known, that their failure to research and screen Shoemaker would result in injury to the public.

61. Keller Trucking failed to perform their duty of diligence in the supervision of Shoemaker resulting in injury to Plaintiff.

**COUNT IIX-NEGLIGENT TRAINING BY KELLER TRUCKING**

62. Plaintiff incorporates paragraphs 1 through 61 herein by reference.

63. The actions of Shoemaker that are imputed to Keller Trucking show violations of the rules of the road and make Keller Trucking liable for negligent training of Shoemaker.

64. Keller Trucking knew, or should have known, that its failure to train and supervise Shoemaker would result in injury to the public.

65. Keller Trucking failed to perform their duty of diligence in the training of Shoemaker resulting in injury to Plaintiff.

**DAMAGES**

66. Plaintiff incorporates paragraphs 1 through 65 herein by reference.

67. As a result of Defendants' negligence, Plaintiff has suffered severe injuries.

68. Plaintiff is entitled to the following damages:

(a) The nature, extent, duration, and permanency of his injuries;

(b) The full extent of the injuries he sustained;

(c) The expense of his medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

(d) Any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

(e) Property damage, including but not limited to the fair market value of Plaintiff's vehicle and trailer;

(f) Loss of use;

(g) Lost wages and earnings; and

(h) The visible results of his injuries.

69. Plaintiff respectfully requests a jury trial.

70. Plaintiff reserves the right to the Complaint as allowed by the Rules.

**WHEREFORE,** Plaintiff, respectfully requests that this Court grant his judgment against Defendants for the relief sought herein, for his costs, and for any and all other just and proper relief to which he may be entitled. Plaintiff reserves the right to plead and amend further herein.

Respectfully submitted,

Law Offices of Alan LeVar
702 Caddo Street
Arkadelphia, AR 71923
Tel: (870) 246-7070
Fax: (870)345-4579
E-mail: jose@levarlaw.com

By: ______________________
Jose Ruiz, Bar No. 2019125