IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**PHILIP HOWARD,** *et al.*                                                                                           **PLAINTIFFS**

v.                                   **CASE NO. 3:22-CV-00213-BSM**

**CAROLYN SHOEMAKER,** *et al.*                                                                  **DEFENDANTS**

## ORDER

The motion for partial summary judgment filed by plaintiffs Philip Howard and Phil's Eazy Trucking LLC [Doc. No. 37] is denied, and the motion for partial summary judgment filed by defendants Marvin Keller Trucking Inc. and Carolyn Shoemaker [Doc. No. 31] is held in abeyance for the reasons provided below.

## I. BACKGROUND

Howard operated a 2015 Freightliner truck and two 2011 Wabash reefer trailers that Phil's Eazy Trucking LLC leased from Entegra Capital LLC. *See* Deposition of Philip Howard 6:2–6, 8:14–17, Doc. No. 31-1; Defs.' Statement of Facts ¶ 2, Doc. No. 32. While Howard was driving the truck and one of the trailers (the "Tractor-Trailer"), he was involved in a collision with another tractor-trailer driven by Shoemaker. Pls.' Statement of Facts ¶ 15, Doc. No. 37-4. Plaintiffs sued Shoemaker, her employer, Marvin Keller Trucking Inc., and other defendants who are not subjects of these motions. Am. Compl. ¶¶ 3–7, 32, Doc. No. 10; Ans. Am. Comp. ¶¶ 3–7, 32, Doc. No. 15.

Shoemaker and Keller Trucking are moving for partial summary judgment on plaintiffs' claim for property damages to the Tractor-Trailer, arguing that neither Howard nor

Eazy Trucking owned the Tractor-Trailer but only leased it. Defs.' Br. Supp. Mot. Partial Summ. J. 1, Doc. No. 33. Plaintiffs are moving for partial summary judgment on the same issue, requesting a ruling as a matter of law that they have a security interest in, and ownership of, the Tractor-Trailer and that they are entitled to recover for damage to it if proven at trial. Pls.' Mot. Partial Summ. J. ¶ 9, Doc. No. 37.

Before the accident, Eazy Trucking entered into two leases with Entegra: one for the truck and another for the trailers. Pls.' Mot. Partial Summ. J. Exs. A & B, Doc. Nos. 36-1 & 36-2 ("Leases"); Defs.' Statement of Facts ¶¶ 5–6. The Leases state that Entegra maintains ownership and title in the leased vehicles and that Eazy Trucking must return them to Entegra when the lease terms end. Leases ¶¶ 5, 22. They both incorporate schedules specifying the cost of the vehicles, the monthly payments Eazy Trucking had to pay during the term of the lease, and the residual amount owed at the end of the term. *Id.* at 4. These schedules state that the equipment costs are $57,347.62 for the truck and $40,935 for the trailers. *Id.*

The Leases also contain terminal rental adjustment clause ("TRAC") riders. *Id.* at 6. Paragraph 1 of each rider gives Eazy Trucking the option to purchase the property at the end of the lease term for the residual amount provided in the lease agreement, which is the anticipated fair market value of the property at the end of the lease term. *Id.* The residual/fair market value amounts are $5,734.76 for the truck and $4,093.50 for the trailers. *Id.* Paragraph 3 states that Eazy Trucking does not have an ownership interest in the vehicles until after it exercises its purchase option. *Id.* Paragraph 4 states that if Eazy Trucking does

not exercise its option, Entegra will resell the property for its actual fair market value. *Id.* If Entegra sells the property for more than the anticipated fair market value, it will owe Eazy Trucking the difference. If Entegra sells for less than the anticipated fair market value, Eazy Trucking will owe Entegra the difference. *Id.*

## II.  LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III.  DISCUSSION

### A.  Plaintiffs' Motion for Summary Judgment

Plaintiffs' motion for summary judgment is denied because, under Federal Rule of Civil Procedure 17(a)(1) and Kansas substantive law, neither Howard nor Eazy Trucking is a real party in interest. This is the case despite plaintiffs' position that defendants waived this argument by failing to raise it sooner. It appears that defendants have been on notice of

the real party in interest defense since late August 2023. Pls.' Reply 2, Doc. No. 41. They conducted discovery on issues related to this defense, then raised it in mid-May 2024, within the dispositive motions deadline and nearly four months before trial. *See* Howard Dep. 8:5–17. This is not so untimely as to waive the defense. *See Sun Ref. & Mktg. Co. v. Goldstein Oil Co.*, 801 F.2d 343, 345 (8th Cir. 1986) (real party in interest defense may be waived if not asserted until "very shortly before trial"); *United HealthCare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 569 (8th Cir. 1996) (citing cases where this defense was waived when not raised as early as sixteen days before trial).

Rule 17 provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). A real party in interest is the party "who, under governing substantive law, possesses the rights to be enforced." *Consul Gen. of Republic of Indonesia v. Bill's Rentals, Inc.*, 330 F.3d 1041, 1045 (8th Cir. 2003). If Eazy Trucking merely leased the Tractor-Trailer from Entegra, then Entegra remained its owner, and therefore, the real party in interest. But if the Leases were secured transactions that transferred ownership of the Tractor-Trailer, Eazy Trucking was a real party in interest. It is clear that the Leases created only a lease relationship.

The Leases' choice of law clauses provide that Kansas law governs, and the parties agree that Kan. Stat. Ann. section 84-1-203 controls. Leases ¶ 14; Pls.' Mot. Partial Summ. J. ¶ 5; Defs.' Reply 2, Doc. No. 38. That statute provides that a transaction "in the form of a lease" may create a security interest in favor of the lessor (implying that the lessee is the owner) under two conditions. Kan. Stat. Ann. § 84-1-203(a). The parties agree that the first

4

condition—that the lessee's "right to possession and use of the goods is an obligation for the term of the lease and is not subject to termination by the lessee"—is satisfied. *Id.* § 84-1-203(b); *see* Resp. Pls.' Statement of Facts ¶¶ 4, 11, Doc. No. 40. The second condition requires plaintiffs to prove one of four elements. *See* Kan. Stat. Ann. § 84-1-203(b). They attempt to meet only the fourth: "the lessee has an option to become the owner of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement." *Id.* § 84-1-203(b)(4).

Plaintiffs fail to establish that Eazy Trucking could have become the owner of the Tractor-Trailer for nominal additional consideration. "Additional consideration is nominal if it is less than the lessee's reasonably predictable cost of performing under the lease agreement if the option is not exercised," or in other words, "[i]f it is cheaper for the lessee to exercise the purchase option . . . than to replace the asset." *In re James*, No. 12-23121, 2014 WL 5785316, at *5 (Bankr. D. Kan. Nov. 4, 2014) (citing Kan. Stat. Ann. § 84-1-203(d)). In an effort to show that the purchase option price was only "nominal additional consideration," plaintiffs argue that no lessee in its right mind would decline to exercise its purchase option because the cost to Eazy Trucking of doing so is significantly lower than (1) the total cost of the vehicles under the Leases and (2) the cost of buying equivalent vehicles now. Br. Supp. Pls.' Mot. Summ. J. 8–9, Doc. No. 37-3; Pls.' Reply 6–8.

Plaintiffs, however, are not properly accounting for paragraph 4 of the TRAC riders, which provide that when the actual fair market value is higher than the anticipated fair market value, Entegra owes Eazy Trucking the difference. Leases at 6. Accepting plaintiffs'

proffered fair market values, it is obvious that exercising the purchase option is not Eazy Trucking's only rational move under the Leases. If Eazy Trucking exercised its purchase option with respect to the Tractor-Trailer, its total assets would be $35,268.49—the value of the vehicles it received ($43,050) minus the out-of-pocket cost of the purchase option ($7,781.51). *See* Pls.' Reply 6–8. But if Eazy Trucking did not exercise its option, the TRAC rider ensures that Entegra would have to pay it the difference between the actual fair market value of the vehicles ($43,050) and the amount of the purchase option ($7,781.51)— thereby also leaving Eazy Trucking with assets of $35,268.49. Eazy Trucking is equally well-off in either scenario and "could rationally exercise or decline to exercise the option to purchase, depending on [its] particular circumstances or preferences." *In re Beckham*, 275 B.R. 598, 603 (D. Kan.), *aff'd*, 52 F. App'x 119 (10th Cir. 2002). Because Eazy Trucking's asset balance is the same whether or not it exercises its purchase option, the cost of exercising it is clearly not less than the cost of not doing so. *See* Kan. Stat. Ann. § 84-1-203(d).

Plaintiffs rely on *In re James*, 2014 WL 5785316, at *5, in support of their argument that the purchase option price is nominal. The contract in *James*, however, was different from the Leases in two relevant respects. First, the contract in *James* contained a purchase option that allowed the plaintiff to purchase the property for the balance of the unpaid lease payments plus an early termination fee. The contract was a secured transaction because the cost of exercising the early termination purchase option near the end of the term was nominal in comparison to the vehicle's fair market value. *Id.* The Leases, however, do not give Eazy

6

Trucking a comparable purchase option. Second, the contract in *James* lacked a TRAC rider similar to the one in the Leases and did not impose any risk of loss on the lessor. Because of the TRAC rider, Entegra had a risk of loss if Eazy Trucking opted not to purchase the vehicles and their actual value upon sale was greater than the anticipated fair market value. *See* Leases at 6. Therefore, Entegra, unlike the lessor in *James*, "retain[ed] an 'entrepreneurial stake' in the leased property." *See James*, 2014 WL 5785316, at *4 (a true lease exists when the goods are expected "to retain significant residual value after the lease term is completed and the lessor retains some possibility of gain or risk of loss in the value of the goods") (citing *In re HP Distribution LLP*, 436 B.R. 679, 684 (Bankr. D. Kan. 2010)).

For these reasons, Howard and Eazy Trucking lacked any ownership interest in the Tractor-Trailer and are not real parties in interest to a claim for damages to it. Their motion for summary judgment is therefore denied.

   B. <u>Defendants' Motion for Summary Judgment</u>

Although plaintiffs are not real parties in interest to the property damage claim, defendants' motion for summary judgment is held in abeyance to give Entegra, the real party in interest, an opportunity to join or be substituted for plaintiffs, or to ratify plaintiffs' claim.

Rule 17 provides that a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). Entegra must therefore be provided an opportunity to be substituted or to ratify plaintiffs' claim. *See Kuelbs v. Hill*, 615 F.3d 1037, 1042 (8th Cir. 2010). Consequently, on

or before July 31, 2024, Entegra may substitute for plaintiffs or may file notice that it ratifies plaintiffs' bringing this lawsuit for property damages. Any interested party who opposes these actions will have until August 14, 2024 to file a response.

### IV. CONCLUSION

For these reasons, the motion for partial summary judgment filed by Howard and Eazy Trucking is denied, and the motion for partial summary judgment filed by Keller Trucking and Shoemaker is held in abeyance as set forth above.

IT IS SO ORDERED this 10th day of July, 2024.

_____
UNITED STATES DISTRICT JUDGE